NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30249 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:19-cr-00027-DLC-1 |
| MONWELL DWIGHT BOOTH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted August 31, 2020[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Monwell Booth appeals the district court's denial of a motion to suppress

evidence found in a warrantless search by law enforcement officers. The parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

familiar with the facts so we need not recount them here. We affirm.

We review de novo legal determinations by the district court supporting its denial of a motion to suppress. *United States v. Brooks*, 367 F.3d 1128, 1132 n.3 (9th Cir. 2004). We review the underlying factual determinations for clear error. *Id*.

The Fourth Amendment prohibits unreasonable searches and seizures. Warrantless searches are presumptively unreasonable. *United States v. Shaibu*, 920 F.2d 1423, 1425 (9th Cir. 1990). A number of "well-delineated" exceptions, however, permit law enforcement officers to conduct constitutionally reasonable searches and seizures without a warrant. *Murdock v. Stout*, 54 F.3d 1437, 1440 (9th Cir. 1995) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967)), *abrogated on other grounds by United States v. Ramirez*, 523 U.S. 65, 69–70 (1998). Under the exigent circumstances exception there must be (1) probable cause to search based upon "known facts and circumstances" and (2) a compelling reason for not obtaining the warrant—the exigency. *Hopkins v. Bonvicino*, 573 F.3d 752, 766–78 (9th Cir. 2009). Both requirements existed when police officers searched Booth's home.

A search is supported by probable cause when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Hopkins*, 573 F.3d

at 767 (internal quotation marks and citation omitted). In light of the 911 call by Booth's neighbor, Scott Byykkonen, Byykkonen's presence at the scene when the officers arrived, and the physical signs of a break in, the officers reasonably concluded Booth's home was recently burglarized, and that evidence of the crime or the perpetrator could be inside the residence.

Exigent circumstances are those that "would cause a reasonable person to believe that entry . . . was necessary to prevent physical harm to officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *Fisher v. City of San Jose*, 558 F.3d 1069, 1075 (9th Cir. 2009) (quoting *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824 (1984)). We have "upheld, as have other courts, exigent circumstance searches based on officers finding physical evidence of a burglary, such as a broken window or forced lock." *Murdock*, 54 F.3d at 1441. Here, the officers reasonably could believe that entry would be necessary to prevent the escape of the alleged burglar(s). Although Byykkonen stuck his head into Booth's residence, this was not sufficient to ensure that a potential burglar was not still at the residence, particularly since it was a two-story structure. Booth's claim that the officers should have pursued the suspicious witness or contacted the landlord before entering the house undercuts his argument that exigency did not

3

exist.

**AFFIRMED**.